86 F.3d 1166
 13 Colo. Bankr. Ct. Rep. 219
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 In Re: HEDGED-INVESTMENTS ASSOCIATES, INC., Debtor,
Harvey SENDER, Trustee, Plaintiff-Appellant,
v.
Fred HANNAHS, Defendant-Appellee.
 No. 94-1549.
 United States Court of Appeals, Tenth Circuit.
 May 23, 1996.
 
 1
 John B. Wasserman (Bonnie A. Bell with him on the briefs) of Katch, Sender & Wasserman, P.C., for Plaintiff-Appellant.
 
 
 2
 Joseph Adams Cope of Frascona, Joiner and Goodman, P.C., Boulder, Colorado, for Defendant-Appellee.
 
 
 3
 Before BRORBY and McWILLIAMS, Circuit Judges, and KERN,** District Judge.
 
 
 4
 ORDER AND JUDGMENT*
 
 
 5
 This case arises out of a Ponzi scheme, the basic operation of which we have already detailed in Sender v. Simon, --- F.3d ---- (No. 94-1569) (10th Cir. May 23, 1996). Fred Hannahs was among the few innocent investors who managed to withdraw more money from the fraudulent scheme than he invested. Like other similarly situated investors, Mr. Hannahs was sued by a bankruptcy trustee, Harvey Sender, who is seeking recovery of the payments Mr. Hannahs received in excess of his original investment. Mr. Sender based his claim on Colorado partnership law. The bankruptcy court ruled in favor or Mr. Hannahs, and the district court affirmed the bankruptcy court's decision. We exercise jurisdiction over this appeal under 28 U.S.C. § 158(d) and affirm.
 
 
 6
 Mr. Sender brings his claim as the representative of the estate of a partnership that was used to promote, perpetrate, and perpetuate a Ponzi scheme. Under 11 U.S.C. § 541, he stands in the shoes of the debtor entity and can take no greater rights than the partnership had as of the commencement of the bankruptcy case. For the same reasons explained in Simon, --- F.3d at ----, and Sender v. Buchanan (In re Hedged-Investments Assocs., Inc.), --- F.3d ----, ---- (No. 95-1162) (10th Cir. May 23, 1996), the judicial machinery is not available to Mr. Sender insofar as he is trying to enforce Mr. Hannahs' partnership agreement against him.
 
 
 
 **
 The Honorable Terry C. Kern, United States District Judge for the Northern District of Oklahoma, sitting by designation
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 10th Cir. R. 36.3